# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2360

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| Maci Denon Davis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 9, 2009
Filed: March 25, 2009

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Maci Denon Davis appeals the 262-month sentence following his guilty plea to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C. §2. Davis argues that the district court[1] abused its discretion in not reducing his imprisonment after reducing his fine. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

In determining the term of imprisonment, the district court considered the factors in 18 U.S.C. § 3553, recognizing that the Guidelines were advisory. *See Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007) (Guidelines are advisory and the district court can vary from them based on policy considerations). The court chose not to vary, in order to reflect "the seriousness of the offense, to promote respect for the law, and to provide a just punishment." A court must adequately explain the sentence to promote the perception of fair sentencing, but need not categorically rehearse each § 3553(a) factor as long as it is clear they were considered. *See United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008).

The district court did not err in imposing imprisonment within the Guidelines range. *See United States v. Braggs*, 511 F.3d 808, 812 (8th Cir. 2008) (this court gives due deference to the district court's decision when reviewing a sentence for abuse of discretion); *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008) (sentencing within the Guidelines range is accorded a presumption of substantive reasonableness on appeal).

In determining the fine, the district court conducted a separate analysis of the factors in 18 U.S.C. § 3572, such as income, earning capacity, and financial resources. The court imposed a below-Guidelines fine based on inability to pay. *See United States v. Patient Transfer Serv., Inc.,* 413 F.3d 734, 745 (8th Cir. 2005) (noting that, when imposing a fine, a district court must consider a defendant's financial resources pursuant to § 3572(a) factors). The lower fine imposed by the district court has no necessary relation to the length of imprisonment, as the court considers a wider range of factors when imposing a fine.

The judgment is affirmed.

_____