# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1549

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Joe L. Franklin, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 18, 2009
Filed: January 25, 2010

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Joe L. Franklin conditionally pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). He appeals the district court's[1] denial of his motion to suppress evidence. We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

## I.

In May 2008, a confidential informant notified narcotics detectives in Fayetteville, Arkansas, that Franklin was supplying cocaine to a street dealer named Rodney Watson. The detectives began monitoring Franklin and thereafter observed Watson enter and exit Franklin's house before meeting with the informant to complete drug deals. In the course of their investigation, the detectives also obtained Franklin's bank records from the previous eight months, which revealed more than $145,000 in total transactions, including a substantial number of cash deposits.

On June 19, 2008, Detective Greg Lovett discussed the investigation with Officer Hunter Carnahan of the Fayetteville Police Department, who was familiar with Franklin and aware that his driver's license had been suspended. After observing Franklin driving a vehicle later that day, Carnahan conducted a traffic stop and placed Franklin under arrest. Police officers discovered cocaine on Franklin's person while transporting him to jail.

Relying exclusively on the information obtained prior to the arrest, an Arkansas judge issued a warrant to search Franklin's residence, which resulted in the discovery of additional incriminating evidence.

## II.

On an appeal from a denial of a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions *de novo*. United States v. Arciniega, 569 F.3d 394, 397 (8th Cir. 2009). Franklin argues that Officer Carnahan lacked probable cause to make the traffic stop, and he contends that the search warrant was invalid because it was based on unreliable statements from a confidential informant. Both arguments are without merit.

Police officers have probable cause to make a warrantless arrest if they have information that would lead a reasonable person to believe a crime has been committed. United States v. Caves, 890 F.2d 87, 93 (8th Cir. 1989). Based on the information he received from Detective Lovett, Officer Carnahan could have reasonably believed that Franklin was dealing cocaine. Carnahan also knew that Franklin's driver's license was suspended and believed Franklin was violating the law by driving a vehicle. As the district court recognized, the traffic stop and arrest were justified on either basis.

We likewise conclude that the search warrant was supported by probable cause. Probable cause for a search warrant exists if the facts in the affidavit establish a fair probability that evidence of a crime will be found in the area to be searched. United States v. Horn, 187 F.3d 781, 785 (8th Cir. 1999). Statements from an informant may support probable cause if the informant is reliable or if the information is corroborated by independent evidence. United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). Although Franklin contends that the search warrant was predicated solely on the confidential informant's claim that Franklin was a drug supplier, the affidavit proves otherwise. Among other things, the affidavit cited the surveillance of Franklin's house and the suspicious transactions in his bank account. Taken together, the information was more than sufficient to establish probable cause for a search of Franklin's residence. Accordingly, the district court did not err in denying Franklin's motion to suppress evidence.

The judgment is affirmed.[2]

_____

---

[2]Franklin's pro se brief raises an ineffective assistance of counsel claim and requests appointment of a new attorney. The request for new counsel is denied, and Franklin is advised that any remaining ineffective assistance claim should be pursued by motion under 28 U.S.C. § 2255.

-3-