# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2401
_____

United States of America

*Plaintiff - Appellee*

v.

Richard Lavern Hoskins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 15, 2020
Filed: September 4, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In August 2009, Richard Hoskins pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). Hoskins agreed in a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to a sentence of 327 months imprisonment. The Presentence Investigation Report determined that his advisory guidelines sentencing range as a

career offender was 324 to 405 months imprisonment. The district court[1] accepted the plea agreement and sentenced Hoskins to 327 months.

In January 2019, following enactment of the First Step Act of 2018, the district court appointed the Office of the Federal Public Defender to represent defendants previously entitled to appointment of counsel, which included Hoskins, to determine whether they may be entitled to relief under Section 404 of the Act. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). On May 28, 2019, the district court sent an email including a proposed order to counsel for both parties.[2] The mailing expressed doubt that Hoskins was eligible for Section 404 relief and provided that, even if he was eligible, the court would exercise its discretion and deny relief. The email advised the parties that the proposed order would be entered on May 31 "unless persuasive objections or requests for extension are filed." Counsel for both parties requested extensions and filed responses.

The response filed by the Assistant Federal Public Defender representing Hoskins argued that the proposed order did not give sufficient weight to the effect of the mandatory minimum life sentence Hoskins was facing when he entered into the Rule 11(c)(1)(C) plea agreement; that Hoskins was eligible for First Step Act relief; that under the First Step Act his guidelines sentencing range would be reduced from 324 to 405 months to 262 to 327 months; and that the proposal to deny discretionary relief would contravene the requirement of a "complete review of the motion on the merits" in Section 404(c) and deny Hoskins a reasonable opportunity to be heard. The government's response argued that Hoskins was not eligible for First Step Act relief, consistent with its position in other pending cases, and that the court should

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

[2]The parties have inexcusably failed to include a copy of the email and proposed order in the record of an appeal that is focused on procedural issues.

exercise its discretion to deny relief even if he were eligible. On June 17, without further briefing, the district court entered a final Order denying Section 404 relief:

> The court has notified the parties of its analysis of the issues presented herein. The court has received and considered the parties' briefs and exhibits. The defendant in this case faced mandatory life imprisonment. He cooperated and made a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a 327 month term of incarceration plus a ten year term of supervised release. At sentencing, he had a total offense level of 36 and a criminal history category VI which suggested a range of incarceration between 324 and 405 months. The Rule 11(c)(1)(C) plea agreement reflected a number of factors including his maximum exposure, his cooperation and his status as a career offender. A sentence at the top of the career offender sentencing guideline range is still a sentence that is sufficient but not greater than necessary to address the essential sentencing considerations. The court does not believe that the defendant is eligible for relief pursuant to the First Step Act. If he were eligible, the court would exercise its discretion to decline to reduce his sentence.

Hoskins appeals this order. Both parties briefed the issue of eligibility, but the government has now withdrawn its argument that Hoskins is not eligible for First Step Act relief in light of our numerous recent decisions establishing that "the First Step Act 'applies to offenses, not conduct,' so it is the defendant's statute of conviction that determines his eligibility for relief." United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020), quoting United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019); see United States v. Howard, 962 F.3d 1013, 1014 (8th Cir. 2020); United States v. Harris, 960 F.3d 1103, 1105 (8th Cir. 2020). Hoskins is eligible for First Step Act relief because his offense of conviction is a "covered offense" under Section 404(a) even though he stipulated to distributing larger quantities of crack cocaine in his plea agreement.

Turning to the remaining issues raised on appeal, the district court ruled in the alternative that even if Hoskins had been eligible for relief under Section 404, "the court would exercise its discretion to decline to reduce his sentence." Hoskins first argues the court abused its discretion because this ruling violated his right to a "complete review" of the First Step Act motion "on the merits," as required by Section 404(c). We disagree. Section 404(c) precludes a successive First Step Act motion if a previous motion was "denied after a complete review of the motion on the merits." This provision says nothing about what constitutes a "complete review" of an initial First Step Act motion. "A 'complete review of the motion' means that a district court considered petitioner's arguments in the motion and had a reasoned basis for its decision." United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020) (cleaned up). The district court's final Order stated that it had advised the parties of its analysis and considered their briefs and exhibits, and it briefly explained why the court concluded that Hoskins's initial sentence was "sufficient but not greater than necessary to address the essential sentencing considerations." This was sufficient "to satisfy [us] that [the court] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Hoskins's assertion that "[i]t does not appear that the district court actually exercised discretion" is without merit. See United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012).

Finally, Hoskins argues that, in declining to reduce his sentence, the district court abused its discretion by not giving sufficient consideration to the 18 U.S.C. § 3553(a) factors, Hoskins's rehabilitation and good disciplinary record, and other relevant considerations. Section 404 gives district courts substantial discretion to reduce eligible defendants' sentences but expressly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c). In imposing an initial sentence, the district court "shall consider" the factors enumerated in § 3553(a). There is no such mandate in Section 404 of the First Step Act. Not surprisingly, many district courts are considering

§ 3553(a) factors in exercising their First Step Act discretion, as the district court did here. See, e.g., United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019). But the First Step Act "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." Moore, 963 F.3d at 727.

The district court expressly considered Hoskins's argument that he entered into the Rule 11(c)(1)(C) plea agreement to avoid a mandatory life sentence that would no longer apply. The court observed that the plea agreement "reflected a number of factors including his maximum exposure, his cooperation and his status as a career offender." The court stated that it considered the § 3553(a) factors to the extent applicable and concluded that Hoskins's original sentence remained sufficient, but not greater than necessary. "The district court was the original sentencing court and thus was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion." Howard, 962 F.3d at 1015. There was no abuse of the court's substantial sentencing discretion in denying Hoskins a First Step Act reduction.

The Order of the district court dated June 17, 2019, is affirmed.

_____