# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3418
_____

United States of America

*Plaintiff - Appellee*

v.

Tanesha Holder, also known as Tanesha Renee Holder

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: September 21, 2020
Filed: December 1, 2020
_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 2008, Tanesha Holder pleaded guilty to conspiracy to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. She now appeals an order denying a motion to reduce her sentence pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 404(b) provides that, if the statutory penalty for an offense was modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Pub. L. No. 111-220, 124 Stat.

2372), the district court may "impose a reduced sentence as if sections 2 and 3 . . . were in effect at the time the covered offense was committed." The Fair Sentencing Act increased from 50 to 280 grams the minimum quantity of cocaine base that calls for a sentence mandated by § 841(b)(1)(A). Thus, as the government now concedes, Holder is eligible for First Step Act relief. See United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020); United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

Most of Holder's arguments on appeal were rejected in our recent decisions resolving First Step Act issues. However, we agree with her contention that the district court erred in determining her amended guidelines sentencing range under the Fair Sentencing Act. As the record does not permit us to determine whether this error was harmless under the Supreme Court's rigorous standard governing procedural Guidelines errors, we remand for resentencing. See United States v. Harris, 908 F.3d 1151, 1155-56 (8th Cir. 2018).

As part of her plea, Holder admitted responsibility for at least 1.5 kilograms of cocaine base. The PSR, which the district court adopted, attributed a much larger quantity to Holder. The district court determined that Holder's advisory guidelines sentencing range was 360 months to life imprisonment because the guidelines range was greater than her career offender range. But the court varied downward, sentencing Holder to 300 months imprisonment, because "the Guideline sentencing system inadequately addresses the circumstances of this defendant, making the sentencing range substantively unreasonable."

In 2010, Holder moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), arguing that, under a retroactive amendment to the Guidelines, her "current sentence . . . is greater than the maximum established in the revised guideline range of the Fair Sentencing Act." The district court denied a reduction: "Because this defendant did not receive a sentence within her applicable guideline range and because she received a variance to a sentence that is consistent with her amended

sentencing guideline range, the court concludes that she is not entitled to further relief." However, in December 2014, the district court *sua sponte* reduced Holder's sentence to 292 months under § 3582(c)(2) in response to USSG Amendment 782. The order recited that Holder's amended guideline range was 292 to 365 months and explained that, because she received a variance when originally sentenced, the court could not "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A).

In February 2019, the district court referred Holder's pending *pro se* motion for First Step Act relief to the Federal Public Defender's Office. In May, the court sent the parties a proposed order reducing supervised release to eight years, but otherwise denying relief. Holder objected to the calculation of the revised Amendment 782 guideline calculation, urged the court to resentence her under the career offender guidelines, with a comparable variance, and requested an opportunity to brief the issue. On October 30, the court denied relief, without resolving the amended guidelines range issue, because:

> Drug quantity and criminal history, among other things, drove the defendant's sentencing guideline range and sentencing. . . . Her sentence has never been based upon or informed by the 240 month mandatory minimum term of incarceration applicable at the time of her original sentencing. In her plea agreement, the defendant admitted to responsibility for more than 1.5 kilograms of crack cocaine, more than five times the amount necessary to trigger a mandatory minimum term . . . of ten years after the Fair Sentencing Act of 2010.

On appeal, Holder argues the district court erred by misapprehending its broad First Step Act discretion to grant a sentence reduction, and by failing to consider an expansive array of factors relevant to exercise of that discretion, including the 18 U.S.C. § 3553(a) factors. These arguments are foreclosed by our recent decisions, including United States v. Booker, 974 F.3d 869 (8th Cir. 2020); United States v.

Hoskins, 973 F.3d 918 (8th Cir. 2020); United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020); and United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020).

The First Step Act permits but "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." Hoskins, 973 F.3d at 921. So long as the record reveals that the district court "expressly recognized and exercised its discretion," it need not "make an affirmative statement acknowledging its broad discretion under Section 404." Booker, 974 F.3d at 871, citing Banks, 960 F.3d at 985. The standard for our review is whether the district court "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id., quoting Rita v. United States, 551 U.S. 338, 356 (2007); see Moore, 963 F.3d at 728. It has done so here, stating that it was denying First Step Act relief because "drug quantity and criminal history" motivated the original sentencing decision, rather than the mandatory minimum penalty modified by the Fair Sentencing Act. Holder's assertion that the court did not actually exercise discretion is without merit. See Hoskins, 973 F.3d at 921.

Holder's contention that the district court committed substantial procedural error by miscalculating her revised Amendment 782 sentencing guideline range requires a closer look. When the district court *sua sponte* reduced Holder's sentence to 292 months in 2014, it properly applied 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 because the Fair Sentencing Act, enacted in 2010, did not retroactively apply to Holder's 2008 sentence. See Dorsey v. United States, 567 U.S. 260 (2012). Applying retroactive Guidelines Amendment 782, the court's order declared that Holder's amended guideline range was 292-365 months, based on an amended total offense level of 35.

The total offense level of 35 was predicated on base offense level 36, which applies to at least 8.4 kilograms but less that 25.2 kilograms of cocaine base. See

USSG § 2D1.1(c). The PSR had attributed 8.95 kilograms to Holder. But in denying § 3582(c)(2) relief in 2012, the district court found that "the record does not currently support a finding of more than 4.5 kilograms of crack cocaine attributable to this defendant." Building on that finding to support a First Step Act reduction, Holder argued to the district court and on appeal that 4.5 kilograms of cocaine base falls within base offense level 34, which results in an amended guideline range of 240-293 months (because of the 20 year mandatory minimum), yielding a revised Amendment 782 range of 262-327 months determined under the career offender provisions. See USSG § 4B1.1(b). The government's response to this argument is incoherent, leading us to suspect the government agrees with Holder's guidelines recalculation but is unwilling to admit it. The district court's Order denying First Step Act relief acknowledged but did not address the merits of this issue:

> Pursuant to the First Step Act, the defendant requests that the court reconsider its 2014 ruling pursuant to Guideline amendment 782, sentence the defendant pursuant to the career offender sentencing guidelines and impose a variance from those guidelines . . . .
>
> The relief requested by the defendant is more than that contemplated by the retroactive relief of the Fair Sentencing Act granted by the First Step Act. If the First Step Act were found to permit the relief requested by the defendant, the court would exercise its discretion to decline such relief.

We disagree with the court's conclusion that correcting an erroneous determination of Holder's revised Amendment 782 guideline range "is more than that contemplated" by the First Step Act's grant of retroactive Fair Sentencing Act relief. The First Step Act directs the court to consider a Section 404 motion "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Amendment 782 modified the determination of a defendant's advisory guidelines range to reflect the Fair Sentencing Act's amendment of the minimum statutory penalties. See USSG App. C at 66-68 (Supp. 2018). When a

defendant such as Holder is eligible for Section 404 relief, the First Step Act requires the court to determine the amended guidelines range *before* exercising its discretion whether to grant relief. A mistake in that determination, like any other guidelines mistake, is procedural error.

The question remains whether the court's error in calculating the Fair Sentencing Act amended guidelines range is harmless. That is not an easy question. On the one hand, the district court gave strong reasons to deny a First Step Act reduction, adding that it would deny relief "[i]f the First Step Act were found to permit the relief requested by the defendant." On the other hand, if Holder's recalculation is correct (an issue we leave for the district court on remand), then her amended range becomes 262-327 months, rather than 292-365 months. The court granted a substantial variance initially because "the Guideline sentencing system inadequately addresses the circumstances of this defendant." In 2014, it *sua sponte* granted an Amendment 782 reduction to the bottom of an amended range that may have been erroneously determined. If the court were to address the issue and determine that the correct amended range is 262-327 months under the First Step Act, we cannot say with confidence that this would not affect the court's discretionary ruling.

The Supreme Court has cautioned: "When a defendant is sentenced under an incorrect Guidelines range -- whether or not the defendant's ultimate sentence falls within the correct range -- the error itself can, *and most often will*, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016) (emphasis added). The Court reinforced that caution in Rosales-Mireles v. United States, 138 S. Ct. 1897, 1907 (2018). The harmless error issue is fact-intensive, and the Court has recognized that some Guidelines errors may in fact be harmless. But "[w]e read Molina-Martinez and Rosales-Mireles as strongly cautioning courts of appeals not to make . . . assumptions . . . as to what the district court might have done had it considered the correct

Guidelines range." <u>Harris</u>, 908 F.3d at 1156.  Without intending to constrain the district court's exercise of its First Step Act discretion, we conclude such caution is appropriate here and therefore remand to permit the court to further consider this issue.

      The Order of the district court dated October 30, 2019, is vacated and the case is remanded for such further proceedings as the district court may find appropriate.

_____