# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3050

_____

United States of America

*Plaintiff - Appellee*

v.

Maci Denon Davis

*Defendant - Appellant*

_____

No. 19-3082

_____

United States of America

*Plaintiff - Appellee*

v.

Joe L. Franklin

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 18, 2020
Filed: January 27, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

Maci Davis and Joe Franklin appeal judgments from the district court[1] reducing their sentences pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In light of our prior recent decisions resolving First Step Act issues, we affirm.

In 2007 and 2008, respectively, Davis and Franklin pleaded guilty to possession with the intent to distribute at least 50 grams of cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). As career offenders under the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines), both Davis and Franklin had advisory Guidelines sentencing ranges of 262 to 327 months' imprisonment and were each sentenced to 262 months' imprisonment. United States v. Davis, 317 F. App'x 572 (8th Cir. 2009) (unpublished per curiam) (affirming Davis's initial sentence); United States v. Franklin, 362 F. App'x 571 (8th Cir. 2010) (unpublished per curiam) (affirming Franklin's initial sentence).

After Davis and Franklin filed motions for relief under the First Step Act, the district court reduced their respective sentences to 188 months' imprisonment, the bottom of their recalculated sentencing ranges. Davis and Franklin moved for

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

-2-

reconsideration, seeking to supplement the record with information about their post-conviction conduct. The district court denied the motions in September 2019 and opted instead to "tether itself to the recalculated guidelines not out of a belief that the First Step Act requires such a practice, but rather out of a belief that this is the most practicable way to effectuate the policies undergirding the First Step Act in a fair and consistent manner." D. Ct. Order of Sept. 5, 2019 at 4.

Section 404 of the First Step Act provides that a district judge "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. If the district court determines that a defendant is eligible for relief when considering a motion for a reduced sentence under Section 404, it must then decide whether to grant a reduction. United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). The district court properly determined that Davis and Franklin were eligible for sentence reductions under the First Step Act. We review the district court's decision to grant or deny an authorized sentence reduction under Section 404 for abuse of discretion. Id. at 771.

Davis and Franklin first argue that the district court misunderstood its discretion under Section 404. Because it believed that conducting the resentencing "proceedings in a manner analogous to what would occur if the United States Sentencing Commission, rather than Congress, had authorized the sort of retroactive sentencing relief contemplated by Section 404" would help "avoid arbitrary and unwarranted sentencing disparities, see 18 U.S.C. § 3553(a)(6)," the district court looked to U.S.S.G. § 1B1.10(b) for guidance. D. Ct. Order of Aug. 15, 2019 at 11–12 (citing U.S.S.G. § 1B1.10(b)(1), which sets forth the manner in which a sentence reduction is determined following an amendment to the Guidelines and U.S.S.G. § 1B1.10(b)(2)(A), which limits the district court's authority pursuant to 18 U.S.C. § 3583(c)(2) to reduce a sentence below the bottom of the recalculated Guidelines range). The district court, however, expressly recognized that, unlike sentence

reductions under 18 U.S.C. § 3582(c)(2), Section 404 did not require it to follow the Guidelines when imposing a reduced sentence pursuant to the First Step Act. D. Ct. Order of Aug. 15, 2019 at 13. Contra United States v. Johnson, 821 F. App'x 670, 671–72 (8th Cir. 2020) (unpublished per curiam) (remanding when the district court's opinion was unclear whether the district court viewed a prior case as mandating the result rather than as mere guidance in exercising its discretion). It is not abuse of discretion for the district court to consider one of the § 3553(a) sentencing factors when deciding whether to reduce a sentence pursuant to Section 404. United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). Nor is it abuse of discretion for the district court to find guidance in the Sentencing Commission's policy statements when, as here, the court recognizes that Section 404 of the First Step Act does not require it to do so.

Davis and Franklin next contend that the district court failed to conduct a complete review of the motions on the merits as contemplated by Section 404(c) of the First Step Act. To conduct a "complete review" under Section 404, a district court must consider the arguments presented in the defendant's motion and have a reasoned basis for its decision. Id. at 728. Our review consists of determining whether the record shows that the district court "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). The record clearly establishes that the district court did so here. See United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019) ("The district court need not respond to every argument made by defendant." (internal citation and quotation marks omitted)); United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020) (record showed a complete review even though the district court did not give rehabilitation and good disciplinary record as much consideration as defendant would prefer).

The judgments of the district court are affirmed.

_____