# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2731
_____

United States of America

*Plaintiff - Appellee*

v.

Gilarime Michael Mueller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: June 14, 2021
Filed: September 1, 2021

_____

Before LOKEN, WOLLMAN, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In November 2008, a jury convicted Gilarime Mueller of conspiracy to distribute at least 50 grams and possession with intent to distribute at least 5 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)-(B). The Presentence Investigation Report (PSR) recommended that 3,000 grams of cocaine and 24 kilograms of cocaine base be attributed to Mueller. At sentencing, the district

court[1] found "that [Mueller's] involvement exceeded four and a half kilos of crack cocaine by a great deal," resulting in a base offense level of 38 and an advisory guidelines sentencing range of 360 months to life. The court sentenced Mueller to 380 months imprisonment. In 2015, the court denied Mueller's motion for an 18 U.S.C. § 3582(c)(2) sentence reduction based on Guidelines Amendment 782, finding he was "not entitled to relief" because his amended guidelines range "would still be 360 months to life."

In October 2019, Mueller filed a *pro se* motion for a sentence reduction under Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); see 21 U.S.C. § 841, Stat. Notes. The Federal Defender's Office filed a First Step Act motion and supporting brief on June 19, 2020. Section 404(b) of the First Step Act allows a court "to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

When applying the First Step Act, the district court must first "decide whether the defendant is eligible for relief under § 404." Then, "if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). In a July 31, 2020 order, the district court concluded that Mueller was eligible for First Step Act relief but exercised its discretion and declined to reduce his sentence. Mueller appeals, repeating procedural arguments the Federal Defender's Office has made and we have rejected in many prior decisions. We will briefly summarize each of these procedural issues:

-- Relying on a Sixth Circuit decision, Mueller argues that when exercising its discretion whether to grant a sentence reduction, the court must fairly consider "all

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

relevant past and present sentencing factors" and at a minimum must reconsider the original § 3553(a) sentencing factors. However, we have repeatedly held that the First Step Act "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020), quoting United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020).

-- Mueller argues the court's failure to consider the factors raised in his motion denied the "complete review of the motion on the merits" required by section 404(c) of the First Step Act.[2] In the July 31 Order, the district court stated it had "reviewed the imposition of sentence" and "considered each of the arguments in support of the defendant's application." We will affirm if the district court has "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Booker, 974 F.3d 869, 871 (8th Cir 2020), quoting Rita v. United States, 551 U.S. 338, 356 (2007); see Hoskins, 973 F.3d at 921; Moore, 963 F.3d at 728. Chief Judge Jarvey was the initial sentencing judge and more recently considered Mueller's motion for a § 3582(c)(2) reduction. Thus, he was "uniquely positioned to consider the many factors necessary in exercising [the court's] ultimate discretion," and his "plain statement regarding its decision not to exercise its discretion . . . closes the matter." United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020).

-- Mueller argues the district court's brief statement indicates it failed to exercise any discretion at all. This contention was squarely rejected in Hoskins, 973 F.3d at 921, citing United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012).

-- Mueller frivolously argues the limited factors considered by the district court in its July 31 Order show the court did not fully understand the nature of its

---

[2]Section 404(c) expressly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

discretionary authority. "The court was not required to make an affirmative statement acknowledging its broad discretion under Section 404." Booker, 974 US at 871, citing United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020).

-- In its July 31 Order, the district court noted that while the Fair Sentencing Act reduced the statutory penalty range for Mueller's offense, his initial sentence was based on the 18 U.S.C. § 3553(a) sentencing factors, not the minimum and maximum terms of incarceration, and his "guideline range of imprisonment (360 months to life) has not changed." Mueller argues this reflects the erroneous view that eligible defendants will not be afforded First Step Act relief if their guidelines sentencing range has not changed. That is rank supposition we have consistently rejected. The district court expressly stated that Mueller was eligible, and that the court reviewed the sentence imposed, gave retroactive effect to the Fair Sentencing Act, considered each argument in support of Mueller's motion, and exercised its discretion not to reduce his sentence. Our First Step Act precedents require no more.

-- Finally, Mueller argues the district court committed procedural error in calculating his revised guidelines sentencing range because it mistakenly said in the 2015 Order denying a § 3582(c)(2) sentence reduction that Mueller's total offense level at sentencing was 42 rather than 40. See generally United States v. Holder, 981 F.3d 647 (8th Cir. 2020). This contention is without merit. The court noted and corrected this mistake in its 2017 Order denying Mueller's motion to reconsider the 2015 Order. In the July 31, 2020 Order at issue, the court correctly stated that Mueller's revised guidelines sentencing range remained 360 months to life, based on a revised total offense level of 38.

In some earlier cases, the repetitive arguments made in Mueller's Brief on appeal were properly made because our controlling opinions had not yet been filed. But in this case, Mueller's Brief repeated arguments that were *previously* rejected in United States v. Sherman, 960 F.3d 978, 981-82 (8th Cir. May 28, 2020); United

States v. Banks, 960 F.3d 982, 985 (8th Cir. May 28, 2020); United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. June 16, 2020); United States v. Moore, 963 F.3d 725, 727-29 (8th Cir. June 24, 2020); United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. Sep. 4, 2020); and United States v. Booker, 974 F.3d 869, 871 (8th Cir Sep. 4, 2020).  Indeed, in Hoskins and Booker, we affirmed denials of First Step Act relief by Chief Judge Jarvey, rejecting these same arguments.

The Order of the district court dated July 31, 2020, is affirmed.

_____