# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3264
_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Harris

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 20, 2021
Filed: November 12, 2021
[Unpublished]
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

PER CURIAM.

Marcus Harris appeals the district court's[1] denial of his motion to reduce his 240-month sentence under § 404(b) of the First Step Act. Harris argues that the district court erred in enforcing a waiver contained in his plea agreement and abused

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

its discretion in declining to reduce his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In 2008, Harris pled guilty to conspiracy to distribute 50 grams or more of crack cocaine within 1,000 feet of a playground and school after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, 851, and 860. Pursuant to a written plea agreement, Harris waived his right to appeal the conviction and sentence imposed. Harris also waived "the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241, *coram nobis* actions and motions to reconsider or reduce [his] sentence." The waivers set forth in the plea agreement "relate to any issues which now exist or which may arise in the future." Under the plea agreement, the government gave up its right under 21 U.S.C. § 851 to seek an enhanced sentence of mandatory life imprisonment.

Prior to sentencing, a Presentence Investigation Report (PSR) was prepared. It attributed 9,516.50 grams of crack cocaine and 1 ounce of cocaine to Harris. The PSR reported a total offense level of 38 and a criminal history category of IV. It calculated Harris's United States Sentencing Guidelines range as 324 to 405 months imprisonment, with a statutory range of 20 years to life. At sentencing, the district court accepted the PSR's Guidelines range calculation and sentenced Harris to 292 months imprisonment followed by 10 years of supervised release.[2]

In 2014, the United States Sentencing Commission adopted Amendment 782 to the Guidelines, which retroactively reduced Harris's Guidelines range to 262 to 327 months imprisonment. See USSG Suppl. to App. C. Amend. 782 (2014). In 2015, pursuant to Amendment 782, the district court sua sponte reduced Harris's

---

[2]The district court granted Harris a ten percent sentence reduction below the bottom of the Guidelines range based on his substantial assistance to authorities. See USSG § 5K1.1.

sentence to 240 months imprisonment. The ten years of supervised release remained unchanged.

In 2020, Harris moved to further reduce his sentence pursuant to the First Step Act, which made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act of 2010. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019). "A court considering a motion for a reduced sentence under § 404 of the First Step Act proceeds in two steps." Id. at 772. "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." Id.

The district court first found that Harris was potentially eligible for First Step Act relief because he committed a covered offense. The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Id. at 771 (alteration in original) (quoting First Step Act § 404(a)). Although Harris's Guidelines range remained unchanged, "[u]nder the Fair Sentencing Act, [Harris's] statutory range would now be ten years to life, followed by a term of supervised release of eight years to life."

Despite Harris's statutory eligibility for relief under the First Step Act, the government argued that his request was barred by the appeal waiver contained in his plea agreement. Alternatively, the government urged the district court to exercise its discretion to deny a reduction based on Harris's amended Guidelines range, his beneficial plea agreement, the nature and circumstances of his offense, and his history and characteristics.

The district court denied Harris's motion to reduce his sentence under the First Step Act based on the appeal waiver contained in Harris's plea agreement. In the alternative, the district court denied Harris's motion based on consideration of the 18 U.S.C. § 3553(a) factors.

The court found that "[t]he nature and circumstances of the offense of conviction and [Harris's] history and characteristics constitute aggravating factors that are not overcome by the mitigating factors set forth by [Harris]." Specifically, the court emphasized the circumstances of Harris's offense, including his involvement in the distribution of almost 10,000 grams of crack cocaine while under supervision for previous convictions as well as his and his co-conspirators' possession of multiple firearms during their drug dealing. Despite his young age at sentencing (26 years old), the district court noted that Harris already had "numerous convictions, both for drugs and for an escape from custody." Further, the district court recognized that Harris's sentence was already below his amended Guidelines range and that he failed to present a persuasive justification for further reduction. The district court also noted that the extremely favorable plea agreement allowed Harris to avoid an additional § 851 enhancement, which would have resulted in a mandatory life sentence. Finally, the court discussed Harris's disciplinary record while in prison. The court acknowledged that Harris had taken numerous courses, but it noted that Harris's "variety of infractions" indicate a likelihood of recidivism and risk of danger to the community.

II.

Harris challenges the district court's denial of his motion to reduce his sentence under the First Step Act, arguing that it erred in enforcing the appeal waiver and otherwise abused its discretion in declining to reduce his sentence. We review de novo the validity and applicability of a defendant's appeal waiver. United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010). We review a district court's decision to grant or deny a sentence reduction authorized by the First Step Act for abuse of discretion. McDonald, 944 F.3d at 771 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." (quoting First Step Act § 404(c))). The First Step Act does "not mandate that district courts analyze the section 3553[(a)] factors for a permissive reduction in sentence." United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). Nevertheless, like many district courts,

-4-

the court here considered the § 3553(a) factors in exercising its First Step Act discretion. E.g., United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020).

For purposes of this appeal, we will assume, without deciding, that Harris's appeal is not barred by the appeal waiver contained in the plea agreement. Nonetheless, we hold that the district court did not abuse its discretion in denying Harris's motion to reduce his sentence under the First Step Act.

Harris argues that the district court abused its discretion by considering irrelevant and improper sentencing factors. Harris admits that the district court properly considered the nature and circumstances of his offense and his criminal history. However, Harris claims that the district court had no reasoned basis for denying relief based on a below-range reduction previously granted for substantial assistance. Harris also argues that his avoidance of a life sentence is irrelevant because the statutory scheme has since changed and, even if the district court originally imposed a life sentence, he could still be eligible for First Step Act relief. Finally, Harris further contends that the district court erred by not explicitly addressing his request for a reduction in his term of supervised release.

Before addressing Harris's specific claims, we note that the district court conducted a complete review of Harris's § 404 motion. "The district court was the original sentencing court and thus was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion." United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020). It adequately considered Harris's arguments and the appropriate § 3553(a) factors, including the nature and circumstances of his offense, his use of firearms while drug dealing, and the amended Guidelines and statutory ranges. As to Harris's argument, the district court did not err in considering that Harris's sentence was below his amended Guidelines range and he could have received a life sentence. Cf. 18 U.S.C. § 3553(a)(3)-(4)(A) ("The court . . . shall consider . . . the kinds of sentences available [and] the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ."); United States v. Burnell, 2 F.4th 790,

792 (8th Cir. 2021) (finding no abuse of discretion when a district court declined to grant an authorized sentence reduction because the First Step Act did not affect a defendant's Guidelines range); <u>Hoskins</u>, 973 F.3d at 921-22 (finding no abuse of discretion when a district court considered that a defendant entered a plea agreement to avoid a mandatory life sentence that no longer applied).

Finally, the district court committed no error in not explicitly addressing Harris's supervised release. Supervised release is "treat[ed] . . . as part of the penalty for the initial offense," <u>United States v. Haymond</u>, 139 S. Ct. 2369, 2379-80 (2019) (alterations in original) (citation omitted), and the court conducted a complete review of Harris's motion for a reduction of his total sentence, which includes both imprisonment and supervised release.

## III.

For the foregoing reasons, we affirm.

_____