## United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-1359
_____

United States of America

*Plaintiff - Appellee*

v.

Koda Alshawn Coats

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 11, 2022
Filed: May 4, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Koda Alshawn Coats is currently serving a prison sentence for a drug trafficking offense. His sentence was reduced by the district court[1] pursuant to § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). On appeal, Coats argues that the court erred by not reducing his sentence to time served. We affirm.

## I. *Background*

In 2009, Coats was charged with 20 counts related to a drug trafficking conspiracy, including possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The government filed an information pursuant to 21 U.S.C. § 851 that increased Coats's statutory range of punishment for this charge to ten years' to life imprisonment based on his having a prior felony drug conviction. Coats pleaded guilty pursuant to a written plea agreement wherein he agreed not to object to the characterization of his offense as involving an amount of drugs that resulted in a base offense level of 32 under the Sentencing Guidelines. The remaining counts were dismissed.

Coats's original presentence report (PSR) attributed 500 grams of cocaine base to his offense, which translates to a base offense level of 34. It also placed him in a criminal history category of VI. He objected to a base level of greater than 32. The government did not oppose, and the district court sustained his objection. In consequence, his final offense level, after other enhancements and a reduction for acceptance of responsibility, was 31, which, when combined with Coats's criminal history category of VI, resulted in a Guidelines range of 188 to 235 months' imprisonment.

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

The court imposed a within-range 220-month sentence of imprisonment and 8 years' supervised release. In 2017, his sentence was reduced pursuant to a retroactive guideline amendment. Coats sought reductions to his sentence through, first, Guidelines Amendment 750 and second, Guidelines Amendment 782. The court denied his first motion (as to Amendment 750) and granted his second motion (as to Amendment 782) based on the parties' agreement to a reduction. By agreement of the parties, his total offense level was reduced to 29 and his Guidelines range to 151 to 188 months' imprisonment. His sentence was accordingly reduced to 176 months' imprisonment plus 6 years' supervised release.

The First Step Act became law in 2018. Section 404 of the First Step Act made retroactive §§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 of the Fair Sentencing Act increased the threshold quantity of crack cocaine for statutory sentencing ranges in § 841(b)(1)(A)(iii) from 50 grams to 280 grams and in § 841(b)(1)(B)(iii) from 5 grams to 28 grams. Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." A "covered offense" is defined in § 404(a) as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."

In 2019, Coats filed a motion seeking a sentence reduction under § 404 of the First Step Act. The district court found his offense to be a "covered offense" under the Act and ordered an addendum to his PSR that would detail his progress while in custody. The addendum explained that Coats's Guidelines range remained 151 to 188 months' imprisonment, although his statutory range of imprisonment changed from 20 years to life in prison to no more than 30 years' imprisonment with no mandatory minimum. The PSR also stated that, while in custody, Coats completed the drug education, release, and financial responsibility programs and took GED classes, but

he declined to participate in the Residential Drug Abuse Program. Coats also incurred four conduct violations: (1) refusing to obey an order and interfering with count (2018); (2) possession of a hazardous tool (2012); (3) fighting (2012); and (4) possession of a dangerous weapon and refusing to obey an order (2011).

Coats requested that his sentence be reduced to time served. Coats argued that his reduction under Amendment 782 should not limit the court because Guidelines amendments typically lead to proportional reductions. Coats also presented a letter to the court and a record of his progress while in custody for the court to consider. The government opposed his request, arguing that the court should not further reduce Coats's sentence. The government emphasized that (1) Coats's sentence had already been reduced under Amendment 782, which addressed the disparate treatment between crack and powder cocaine; and (2) his conduct, both before and during his incarceration, did not warrant a further reduction.

At his First Step Act motion resentencing hearing, the district court rejected Coats's request to reduce his sentence to time served, but it did reduce his sentence from 176 months to 167 months' imprisonment.

## II. *Discussion*

Coats argues that the district court inadequately explained its reasoning for his sentence. This is a claim of procedural error. *See United States v. Godfrey*, 863 F.3d 1088, 1094–95 (8th Cir. 2017). As Coats did not raise this claim before the district court, he forfeited it, and we therefore review for plain error. *See id.* at 1098 (claim that the district court failed to explain its sentence reviewed for plain error when not objected to below); Fed. R. Crim. P. 52(b).

This standard requires the defendant to show an "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [the court] may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously

affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). "An error affects a substantial right if the error was prejudicial, but an error is prejudicial in the sentencing context only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error." *United States v. Grimes*, 702 F.3d 460, 470 (8th Cir. 2012) (internal quotation marks omitted).

Coats argues that the district court procedurally erred by failing to justify its reduction of his sentence on the basis of one or more factors in 18 U.S.C. § 3553(a). However, we have repeatedly held that § 404 of the First Step Act "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020); *see also United States v. Holder*, 981 F.3d 647, 650 (8th Cir. 2020) (same); *United States v. Booker*, 974 F.3d 869, 871 (8th Cir. 2020) (same); *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020) (same); *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) (same).

Courts have considerable discretion to determine whether to reduce a sentence pursuant to the First Step Act. *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) (explaining courts' approach to considering a motion seeking a sentence reduction under the First Step Act). Indeed, § 404(b) of the Act provides that a district court "may" reduce a sentence, and § 404(c) clarifies that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Thus, "Section 404 is permissive," permitting but not requiring courts to issue sentence reductions. *Moore*, 963 F.3d at 727. Although a district court "shall consider" the § 3553(a) factors in its initial imposition of a sentence, "[t]here is no such mandate in Section 404 of the First Step Act." *Hoskins*, 973 F.3d at 921.

Coats argues that the district court erred by failing to give proper weight to his rehabilitative progress. While "[a] district court '*may* consider evidence of a defendant's postsentencing rehabilitation at resentencing,'" the court "need not adjust a sentence based on rehabilitation." *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) (quoting *Pepper v. United States*, 562 U.S. 476, 504 (2011)). Hence, this argument fails.

Coats also argues that the district court should be reversed because it did not preside at his original sentencing in 2010. For this argument, he relies upon *United States v. Clark*, where we affirmed a district court's modification of a defendant's sentence pursuant to 18 U.S.C. § 3582, in part, because the district court that presided at the defendant's jury trial and initial sentencing "was intimately familiar with the facts and arguments" at issue in the case. 563 F.3d 722, 725 (8th Cir. 2009). However, our willingness to show appropriate deference to a district court's familiarity with the facts due to its having presided does not require us to infer a district court's lack of familiarity when it has not, much less to reverse on that basis. This is all the more true given the high bar imposed by the plain-error standard.

Coats refers as well to *United States v. Michael*, in which we reversed a revocation sentence, noting that the presiding judge at revocation was not the original sentencing judge, because the record failed to show that the court was familiar with defendant's "unique circumstances and characteristics." 909 F.3d 990, 995 (8th Cir. 2018) (per curiam). Here, however, Coats does not point to any comparable "unique circumstances and characteristics" of his own that the court overlooked and that would necessitate a greater sentence reduction than what he received.

Finally, Coats cannot prove the third prong of plain-error review as he has not convinced us "that a more detailed explanation would have resulted in a lighter sentence." *United States v. Chavarria-Ortiz*, 828 F.3d 668, 671 (8th Cir. 2016). The court was briefed on the relevant facts and heard the pertinent arguments, which

substantially covered the § 3553(a) factors. We are not persuaded that a different outcome would have resulted had the court explicitly referenced those factors in its reasoning.

### III. *Conclusion*

Accordingly, we affirm the district court.

_____