# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2287
_____

United States of America

*Plaintiff - Appellee*

v.

Alfonso D. Gill

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 15, 2022
Filed: August 12, 2022
[Unpublished]
_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.
_____

PER CURIAM.

Alfonso D. Gill moved to reduce his revocation sentence under the First Step Act of 2018, which authorizes district courts to impose reduced sentences for qualifying movants "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). The district court found Gill eligible for a

reduction, but did not calculate Gill's amended revocation sentencing range under the U.S. Sentencing Guidelines before deciding whether to grant relief, which it was required to do. See United States v. Holder, 981 F.3d 647, 651 (8th Cir. 2020) ("When a defendant . . . is eligible for Section 404 relief, the First Step Act requires the court to determine the amended guidelines range *before* exercising its discretion whether to grant relief."); see also Concepcion v. United States, 142 S. Ct. 2389, 2402 n.6 (2022) (explaining that a district court must calculate the Guidelines sentencing range as if the Fair Sentencing Act's amendments had been in place at the time of the offense, before it may consider intervening changes of law or fact in selecting an appropriate sentence). We reject the government's argument that this plain error did not affect Gill's substantial rights. See Molina-Martinez v. United States, 578 U.S. 189, 198 (2016) ("When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."); Rosales-Mireles v. United States, 138 S. Ct. 1897, 1907 (2018) ("A plain Guidelines error that affects a defendant's substantial rights is precisely the type of error that ordinarily warrants relief under Rule 52(b)."); Holder, 981 F.3d at 651 (reading "Molina-Martinez and Rosales-Mireles as strongly cautioning courts of appeals not to make . . . assumptions . . . as to what the district court might have done had it considered the correct Guidelines range" (quoting United States v. Harris, 908 F.3d 1151, 1156 (8th Cir. 2018) (alteration in original)).

We vacate Gill's revocation sentence and remand to the district court for resentencing in accordance with the procedural sequence set forth above.

_____