# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2145

_____

United States of America,

*Plaintiff - Appellee,*

v.

Fontaine Demmond Sherman,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 13, 2020
Filed: May 28, 2020

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

In 2004, a jury convicted Fontaine Sherman of conspiring to distribute 50 grams or more of cocaine base. *See* 21 U.S.C. §§ 846, 841(b)(1)(A) (1997). The district court sentenced him to 240 months in prison, and this court affirmed the conviction on appeal. *United States v. Sherman*, 440 F.3d 982 (8th Cir. 2006).

In 2019, Sherman moved to reduce his sentence under the First Step Act of 2018, which gives a district court discretion to reduce a sentence imposed for an offense whose penalties were reduced by the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The district court[*] concluded that Sherman's 240-month sentence was appropriate and should not be reduced. Sherman argues on appeal that the court committed errors in denying the motion.

Sherman's original sentencing in 2004 set the stage for his later motion under the First Step Act. The district court in 2004 found by a preponderance of the evidence that Sherman was responsible for "in excess of 1.5 kilograms of cocaine base." That quantity was the threshold for a base offense level of 38, and would have resulted in a sentencing guideline range of 292 to 365 months' imprisonment. But in light of unsettled law under the Sixth Amendment after *Blakely v. Washington*, 542 U.S. 296 (2004), and before *United States v. Booker*, 543 U.S. 220 (2005), the court decided to hold Sherman accountable for only fifty grams of cocaine base and to apply a base offense level of 32. The court explained that the indictment charged Sherman with conspiring to distribute fifty grams or more, and the jury did not find a larger quantity beyond a reasonable doubt.

Because the government filed a notice that Sherman had sustained a prior conviction for a felony drug offense, the statutory minimum sentence was twenty years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 851 (1997). The court then sentenced Sherman to the statutory minimum term of 240 months. But the court also made clear that if Sherman should have been sentenced under the guidelines based on the greater drug quantity proved at sentencing, then the court would have imposed a term of 292 months' imprisonment. R. Doc. 749.

---

[*]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

When Sherman moved for a reduction under the First Step Act, he argued that the statutory minimum of 240 months no longer applied, and urged the court to impose a reduced sentence of 180 months in light of his efforts at post-sentencing rehabilitation. The district court assumed that in light of the Fair Sentencing Act, Sherman's statutory minimum sentence for conspiring to distribute 50 grams or more of cocaine base—after a prior conviction for a serious drug felony—was ten years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B), 851. But the court found that the trial testimony indicated that the conspiracy involved over 30 kilograms of cocaine base, which corresponded to a base offense level of 38 and an advisory range of 292 to 365 months' imprisonment under the current sentencing guidelines.

Based on the presentence report, the evidence presented at trial, and the sentencing transcripts, the court concluded that "the original 240-month [sentence] satisfies the goals of the factors in 18 U.S.C. § 3553(a)(2)." The court cited the amount of drugs involved, Sherman's gang affiliation, and Sherman's long history of drug dealing. The court observed that the 240-month sentence was fifty-two months below the advisory guideline range, and decided that "a sentence even further below the guideline range is not appropriate here." It was permissible for the district court to resolve the motion without a hearing. *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019).

Sherman argues that the district court improperly calculated his advisory guideline range, because the court erred in finding that he was accountable for more than 30 kilograms of cocaine base. Sherman complains that the court's finding was inconsistent with its determination in 2004 that he was responsible for in excess of 1.5 kilograms. There was no inconsistency: a quantity of 30 kilograms is "in excess of 1.5 kilograms." Because base offense level 38 is the highest possible level for a drug conspiracy under USSG § 2D1.1, there was no need for the court in 2004 to address the extent to which the drug quantity exceeded the then-applicable threshold of 1.5 kilograms. The threshold for level 38 under the current guidelines has been

raised to 25.2 kilograms of cocaine base, and it was appropriate for the court to address whether Sherman was responsible for that quantity.

Sherman also asserts that the record does not support a finding that he was responsible for over 30 kilograms of cocaine base, which placed him over the threshold of 25.2 kilograms for a base offense level of 38. During the five-day trial in 2004, many witnesses testified about the scope of the drug trafficking conspiracy, Sherman's role in the conspiracy, and the quantity of drugs involved. This court already determined that the record supports a finding that Sherman obtained cocaine from a Mexican source and served as a source of supply for co-conspirator Scoggins, who redistributed the drugs in Arkansas. 440 F.3d at 991. One witness testified that over a five-year period he and Scoggins distributed over 20 kilograms of cocaine base. Another witness estimated that Scoggins sold him approximately 29 kilograms of cocaine base during that time. The district court presided at trial and was in a position to make findings about the credibility of witnesses. Given the testimony at trial, and Sherman's role as a supplier for the conspiracy, the district court did not clearly err in applying a base offense level of 38. The record supports a finding that Sherman was accountable for over 25.2 kilograms of cocaine base. *See* USSG § 1B1.3(a)(1)(B).

Sherman last contends that the court abused its discretion by failing to consider mitigating factors, particularly his post-sentencing rehabilitation efforts. He relies on *Pepper v. United States*, 562 U.S. 476 (2011), which held that a district court at a resentencing may consider evidence of a defendant's post-sentencing rehabilitation, *id*. at 504, but did not imply that a court "must reduce a defendant's sentence upon any showing of postsentencing rehabilitation." *Id*. at 505 n.17. In applying *Pepper* under the First Step Act, this court similarly has recognized that a "district court *may* consider evidence of a defendant's postsentencing rehabilitation at resentencing," but "it need not adjust a sentence based on rehabilitation." *Williams*, 943 F.3d at 844 (internal quotation omitted). Indeed, the First Step Act is explicit that "[n]othing in

this section shall be construed to require a court to reduce any sentence pursuant to this section." Section 404(c), 132 Stat. at 5222.

The district court did not specifically mention Sherman's rehabilitative efforts, but as at an original sentencing, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). The court here implicitly rejected Sherman's argument that mitigating factors warranted a sentence reduction. That approach was understandable, for Sherman's brief on the motion said little about rehabilitative efforts. He asserted that he has been a "model prisoner," with only one disciplinary infraction, but did not elaborate. His own exhibit reflected "GED progress unsatisfactory." R. Doc. 1203-1, at 2. The district court cited the sentencing factors set forth in § 3553(a) and focused on the considerations that it believed were "paramount" in determining the appropriate sentence. The court did not err by declining to respond explicitly to Sherman's plea based on alleged post-sentencing rehabilitation.

\*     \*     \*

The judgment of the district court is affirmed.

_____