# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1750
_____

United States of America,

*Plaintiff - Appellee,*

v.

Bobby Glenn Banks,

*Defendant - Appellant.*

_____

No. 19-1969
_____

United States of America,

*Plaintiff - Appellant,*

v.

Bobby Glenn Banks,

*Defendant - Appellee.*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 14, 2020
Filed: May 28, 2020
_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Bobby Banks appeals a judgment of the district court[*] imposing a reduced sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Although the court reduced his sentence from 55 years' to 40 years' imprisonment, Banks argues that the court should have lowered it further. The government cross-appeals the district court's decision that Banks was eligible at all for a reduced sentence. We conclude that there was no reversible error, and we affirm the judgment.

In 2006, a jury found Banks guilty of conspiracy to distribute 50 grams or more of cocaine base. 21 U.S.C. §§ 846, 841(b)(1)(A) (1999). The court calculated an advisory guideline sentence of life imprisonment, but the court sentenced Banks to 55 years. This court affirmed the judgment. *United States v. Banks*, 494 F.3d 681, 687 (8th Cir. 2007). In a later proceeding, the district court denied Banks's motion to modify his sentence under 18 U.S.C. § 3582(c)(2). The court found that Banks was accountable for at least 2.8 kilograms of crack cocaine under the guidelines, and that a retroactive amendment to the guidelines would not affect his advisory sentencing range. R. Doc. 976, at 2; *see United States v. Banks*, 501 F. App'x 606 (8th Cir. 2013) (per curiam).

Under the First Step Act, a court that imposed a sentence for an offense whose penalties were modified by the Fair Sentencing Act of 2010 may impose a reduced sentence. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The district court determined that Banks was eligible for a reduction, because the statutory maximum

_____

[*]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, now retired.

punishment for his offense—conspiracy to distribute 50 grams of cocaine base—was reduced from life imprisonment to forty years by the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(B)(iii); Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372.

The district court calculated a new advisory guideline range of 360 to 480 months' imprisonment, and imposed a new sentence of 480 months. The court determined that a sentence below the advisory range was not appropriate because "[o]perating a long-standing drug operation, lengthy and significant gang affiliation, and repeated death threats to individuals are the types of behavior that require a severe sentence." R. Doc. 1091, at 6. The district court permissibly resolved the motion without a hearing. *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019).

The government argues that Banks is not eligible for a reduced sentence, because he was accountable for 2.8 kilograms of cocaine base, and the Fair Sentencing Act did not reduce the penalties for an offender responsible for that drug quantity. This contention is foreclosed by *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019), which held that the First Step Act "applies to offenses, not conduct," so it is the defendant's statute of conviction that determines his eligibility for relief. *Id*. at 772. Because the statute of conviction in Banks's case required only proof that he conspired to distribute 50 grams or more of cocaine base, and the Fair Sentencing Act reduced the penalties for a 50-gram conspiracy, he is eligible for a reduction.

In fashioning the reduced sentence for Banks, the district court explained that the most significant facts regarding Banks's history and characteristics were "his gang affiliation and repeated threats to other individuals." Banks became a member of the 23rd Street Crips gang at age 13 and was known by law enforcement as "the enforcer and #1 Combat Soldier" at the time of his arrest in this case. One witness testified that Banks had pressed a gun to her head and threatened to kill her if she cooperated with law enforcement. Other evidence showed that Banks threatened a detective and

his family. Records from the Bureau of Prisons reported that Banks threatened to kill a staff member in 1995. Banks absconded while on pretrial release in this case, and he attempted to persuade several witnesses to give false testimony that would exonerate him. The district court also concluded that Banks's criminal history points under the guidelines did not accurately reflect the seriousness of his criminal history.

Banks argues that the court abused its discretion by failing to consider his post-sentencing rehabilitation, his difficult childhood, and the alleged disparity between his sentence and the sentences imposed on other drug traffickers. While a district court may reduce a sentence based on post-sentencing rehabilitation, a court is not required to do so. *Williams*, 943 F.3d at 844. The district court did not discuss Banks's argument on this point, but the court never indicated that it lacked authority to consider evidence of rehabilitation.

Resentencing is not warranted on this record, for "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Gray*, 533 F.3d 942, 944 (8th Cir. 2008). We presume that a district court has considered the arguments raised by a defendant, *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012), and the court here implicitly rejected Banks's contention that earning a certificate in General Education Development, completing education and personal betterment courses, and other mitigating factors warranted a greater reduction. If Banks had presented unusually strong evidence of rehabilitation, then the court may well have addressed it explicitly. But the court concluded that a sentence within the advisory range was appropriate in light of several aggravating factors, and no further explanation was required. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

The judgment of the district court is affirmed.

_____