# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-2402
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Booker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 17, 2020
Filed: September 4, 2020

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

LOKEN, Circuit Judge.

This is an appeal from an order reducing Edward Booker's sentence pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In June 2008, Booker was convicted of possession with intent to distribute at least five grams of cocaine base (crack cocaine) in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B). At sentencing, the district court[1] determined that his advisory guidelines sentencing range as a career offender was 360 months to life imprisonment and sentenced Booker to 380 months. In early 2019, the district court appointed the Federal Public Defender's Office to represent Booker in connection with possible relief under the First Step Act.

In May 2019, the court sent the parties an email and proposed order reducing Booker's sentence to 282 months and inviting their responses. Booker filed a response on June 14, arguing that the 282-month proposal was based on a mathematical error because a proportional reduced sentence would be 276 months, and that the court should likewise reduce his term of supervised release from eight years to six years. Booker also requested an opportunity to brief whether application of the 18 U.S.C. § 3553(a) sentencing factors would warrant a further variance based on factors such as the disparity between drug quantity and career offender calculations, his good disciplinary record, and evidence of rehabilitation. On June 17, without further briefing, the district court entered the following Order reducing Booker's sentence to 277 months imprisonment:

> The defendant is a career offender. Because his statutory maximum punishment was life imprisonment when originally sentenced, his total offense level . . . was 37. Because he was found responsible for eight grams of crack cocaine and had a prior felony drug conviction, the statutory maximum for his offense would now be thirty years. Accordingly, his total offense level is now 34. The amended sentence reflects the same position within his amended sentencing guideline range (262-327 months) as his original sentence bore to his original sentencing guideline range (360 months-life). (380/360 x 262 = 277). His term of supervised release is reduced from 8 years to 6 years.

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

On appeal, Booker first argues the district court abused its discretion in failing to grant a greater sentence reduction because in using a mathematical formula to calculate the reduced sentence the court either did not understand the scope of its First Step Act discretion or failed to consider relevant factors. We disagree.

The suggestion that the district court did not understand its First Step Act discretion is without merit. The district court expressly recognized and exercised its discretion to reduce Booker's sentence. The court was not required to make an affirmative statement acknowledging its broad discretion under Section 404. United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020). The record establishes the court considered Booker's arguments -- it adjusted the proposed sentence reduction and reduced the term of supervised release. We presume the court considered the other arguments raised in Booker's response. See id. "The district court need not respond to every argument made by defendant or recite each section 3553 factor." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019). Indeed, "the First Step Act . . . does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020).

Nothing in the record suggests that the district court did not understand the scope of its discretion under the First Step Act. Booker asserts "[t]he court apparently believed that it was restricted to an almost mechanical application of current guidelines to the defendant's case." This is the type of argument we consistently reject in considering attacks on a district court's sentencing discretion -- the court did not expressly discuss my contention so it was not properly considered. Rather, the standard for appellate review is whether the sentencing judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). Here, in determining the extent of the reduction, the court placed emphasis on a proportional reduction based on Booker's "advisory range under the current guidelines." United States v. Harris, 960 F.3d 1103, 1106

(8th Cir. 2020). This was clearly a relevant consideration. See Chavez-Meza v. United States, 138 S. Ct. 1959, 1967 (2018). Having a reasoned basis for its decision, the court did not abuse its substantial sentencing discretion.

Finally, Booker argues the district court's summary procedure violated the "complete review" provision in Section 404(c) and deprived Booker of his Due Process right to present argument and evidence on the proper extent of a First Step Act reduction. As we explain in another First Step Act decision filed today, the Section 404(c) "complete review" argument is without merit. United States v. Hoskins, No. 19-2401, slip op. at 4 (8th Cir. Sep. 4, 2020); see Moore, 963 F.3d at 728. Likewise, we reject the due process argument. Booker had notice of the district court's proposed action and an opportunity to respond in a procedure not unlike the sentence-modification procedure upheld in Chavez-Meza, 138 S. Ct. at 1964-68. The district court certainly had discretion to grant Booker's request for an opportunity to brief the relevant sentence reduction considerations more fully. But the First Step Act motion came before the same judge who imposed the original sentence. After giving Booker notice and opportunity to respond, the court issued an order adequately explaining the basis for its decision. There was no constitutional procedural obligation to do more.

The judgment of the district court is affirmed.

_____