# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 19-3426

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Matthew James Haymond, Sr.

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: September 21, 2020
Filed: December 1, 2020
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Matthew Haymond appeals an order of the district court[1] denying a motion to reduce his sentence pursuant to Section 404 of the First Step Act of 2018.  Pub. L.

———————————————

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). With one exception, his arguments on appeal have been rejected in our prior recent decisions resolving First Step Act issues. We affirm.

In 2008, Haymond pleaded guilty to conspiracy to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Because Haymond was a career offender with two or more prior serious drug or violent felony convictions, the district court imposed a life sentence, as then mandated by 21 U.S.C. § 841(b)(1)(A) (2009). Six years later, on motion by the government, the court reduced the sentence to 200 months.

Section 404(b) of the First Step Act provides that, if the statutory penalty for an offense was modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Pub. L. No. 111-220, 124 Stat. 2372), the district court may "impose a reduced sentence as if sections 2 and 3 . . . were in effect at the time the covered offense was committed." The Fair Sentencing Act increased from 50 to 280 grams the minimum quantity of cocaine base that calls for a sentence mandated by § 841(b)(1)(A). Thus, Haymond is eligible for First Step Act relief. See United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020); United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

Haymond argued to the district court that, under the Fair Sentencing Act, his advisory guidelines range becomes the range as determined under the career offender provisions, not mandatory life imprisonment, and the court should reduce his sentence to the bottom of that range, 262 months, reduced by 50% to reflect the prior reduction of his initial sentence, in which case he would be released for time served. In his plea agreement, Haymond stipulated "that he distributed in excess of 50 grams of cocaine base (crack) in the course of the conspiracy and that he knew that others were involved with more than 4.5 kilograms of cocaine base." In a Stipulation of Facts attached to the agreement, Haymond admitted receiving from a co-conspirator

-2-

between 63 and 126 grams of cocaine base every two to three days from mid-January 2008, when his brother was arrested, until February 27, 2008, when Haymond was arrested, a total amount in excess of 280 grams. Based on the guilty plea and these fact admissions, the district court denied Haymond's motion for First Step Act relief:

> The defendant is entitled to retroactive application of the Fair Sentencing Act of 2010. If indicted today, given the amount of crack cocaine that the defendant admitted as a part of his conspiracy, he would still be subject to mandatory life in prison. Nothing has changed except for the requirement that the drug quantity was increased from 50 to 280 grams in order to trigger the mandatory minimum ten year term of incarceration. The defendant is not entitled to relief.

On appeal, in addition to arguing he is eligible for First Step Act relief, which our recent cases have now established, Haymond argues the district court erred by failing to appreciate its broad discretion to grant a sentence reduction under the First Step Act. This argument is foreclosed by our recent decision in United States v. Booker, 974 F.3d 869 (8th Cir. 2020), in which we affirmed Chief Judge Jarvey's denial of another First Step Act motion a few months before he issued the order here under review. In Booker, we confirmed that the district court is "not required to make an affirmative statement acknowledging its broad discretion under Section 404." 974 F.3d at 871, citing Banks, 960 F.3d at 985. Rather, the standard for appellate review is whether the court "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id., quoting Rita v. United States, 551 U.S. 338, 356 (2007).

Here, the district court -- which had sentenced Haymond in 2010 -- stated that "nothing has changed except for the [Fair Sentencing Act's] requirement . . . to trigger the mandatory minimum," and the sentencing record established that Haymond's admitted offense conduct would still trigger a mandatory minimum life

sentence under 21 U.S.C. § 841(b)(1)(B) in effect when the Fair Sentencing Act was enacted. Our recent cases have rejected Haymond's assertion that the court erred by failing to consider a myriad of factors, including those under 18 U.S.C. § 3553(a), in exercising its First Step Act discretion. The First Step Act permits but "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020), quoting United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020); see Banks, 960 F.3d at 985.

Haymond further argues the district court erred in finding that he admitted personal responsibility for more than 280 grams of crack cocaine. The question is important because, under the statutory penalties as amended by the Fair Sentencing Act, a person who committed an offense involving less than 280 grams of cocaine base "shall be sentenced" to a term not less than 10 years and not more than life. 21 U.S.C. § 841(b)(1)(B)(iii) (2011). If that statute applies, then Haymond's guidelines range under the Fair Sentencing Act would be determined by his career offender status, 262 to 327 months imprisonment, rather than a mandatory minimum life sentence, a change that would affect the district court's analysis under the First Step Act. Reviewing the district court's finding of drug quantity for clear error, we conclude the court did not clearly err in basing its more-than-280-gram finding on a Stipulation of Facts signed by Haymond and attached to his plea agreement. See United States v. Goodrich, 754 F.3d 569, 572 (8th Cir. 2014), cert. denied, 577 U.S. 944 (2015)

The Order of the district court dated October 28, 2019, is affirmed.

_____