# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3724
_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Dwayne Downs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 19, 2020
Filed: December 1, 2020
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On August 26, 2010, the district court[1] sentenced Derrick Downs to 300 months imprisonment after he pleaded guilty to conspiracy to distribute at least 50 grams of

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

cocaine base and stipulated to a prior felony drug conviction and to distributing "at least 1500 grams of cocaine base." See 21 U.S.C. § 841(b)(1)(A)(iii) (2010). Downs now appeals the court's order declining to reduce his sentence pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 404(b) provides that, if the statutory penalty for an offense was modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Pub. L. No. 111-220, 124 Stat. 2372), the district court may "impose a reduced sentence as if sections 2 and 3 . . . were in effect at the time the covered offense was committed." Downs asserts arguments that have been rejected in our recent decisions resolving First Step Act issues. Reviewing for abuse of discretion, we affirm. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (standard of review).

In September 2012, the court denied Downs's *pro se* Motion for Retroactive Application of the Sentencing Guidelines:

> The Fair Sentencing Act of 2010 is retroactively applicable to [Downs] pursuant to the Supreme Court's decision in Dorsey v. United States, [567 U.S. 260] (2012). The Fair Sentencing Act increased the amount of crack cocaine necessary for a ten year mandatory minimum sentence from 50 to 280 grams. [Downs's] admission to responsibility for 3 kilograms of crack cocaine moots any issue under the Fair Sentencing Act and Dorsey.

In December 2014, after Guidelines Amendment 782 retroactively reduced Downs's base offense level by two levels, the court *sua sponte* reduced his sentence to 269 months, applying the career offender guidelines range of 262-327 months.[2]

---

[2]The government concedes Downs is eligible for First Step Act relief because the Fair Sentencing Act increased the minimum quantity of cocaine base that triggers a sentence mandated by § 841(b)(1)(A)(iii). See United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020), and McDonald, 944 F.3d at 771. However, the court in these two orders recognized that Downs did not need the First Step Act to qualify for Fair

In 2019, the district court emailed a proposed order denying Downs relief other than a one-year reduction in his supervised release term:

> The defendant is a career offender. He admitted to responsibility for 1500 grams of crack cocaine in his plea agreement. In an amended judgment filed December 29, 2014, he was determined to have a total offense level of 34 and a criminal history category VI. This resulted in a sentencing guideline range of 262 to 327 months' incarceration. Because the maximum punishment for his drug offense remains at life imprisonment, his career offender sentencing guideline has not changed and, therefore, the defendant is entitled to no relief as to his term of incarceration pursuant to the First Step Act of 2018.
>
> For these reasons, the court would decline to exercise [its] discretion to reduce the defendant's sentence if it has the power to do so because of the First Step Act.

Representing Downs, the Federal Public Defender's Office objected to the proposed order, requesting a reduced sentence based on post-conviction rehabilitation and the § 3553(a) sentencing factors. The district court entered the proposed order.

Downs argues the court committed procedural error by failing to understand the scope of its authority under the First Step Act, and by failing to consider a "significantly more expansive array of factors," including the 18 U.S.C. § 3553(a) sentencing factors. We disagree. The First Step Act permits but "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence."

Sentencing Act relief under <u>Dorsey</u> and granted a reduction in response to Amendment 782. These actions seemingly preclude First Step Act relief because § 404(c) provides that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." As the government failed to raise this issue, we put it aside.

United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020) . The court is "not required to make an affirmative statement acknowledging its broad discretion under Section 404." United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020), citing Banks, 960 F.3d at 985. The court's plain statement that it would decline to exercise discretion to reduce the defendant's sentence "closes the matter." United States v. Howard, 962 F.3d 1013, 1015 (8th Cir. 2020). Downs's assertion that the court did not actually exercise its discretion is without merit. See Hoskins, 973 F.3d at 921.

Nor was Downs denied a complete review of his motion on the merits. A complete review under the First Step Act "means that the district court considered petitioner's arguments in the motion and had a reasoned basis for its decision." United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020), quoting Rita v. United States, 551 U.S. 338, 356 (2007). While the final order did not address all arguments Downs made in opposing the proposed order, the final order provided a reasoned basis for the court's decision -- the quantity of cocaine base Downs admitted he conspired to distribute and his extensive criminal history. "[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." Banks, 960 F.3d at 985 (quotation omitted). We presume the court considered and implicitly rejected the arguments raised by a defendant, particularly when the court denying a sentence reduction also presided over the defendant's initial sentencing and prior sentence reduction motions.

The Order of the district court dated December 5, 2019, is affirmed.
_____