# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1698

_____

United States of America

*Plaintiff - Appellee*

v.

Terrence L. Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: February 15, 2021
Filed: March 12, 2021
[Unpublished]

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In March 2009, Terrence Carter pleaded guilty to conspiracy to manufacture, distribute, and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. At sentencing, the district

court[1] found Carter responsible for 71 kilograms of cocaine base, determined that his advisory guidelines sentencing range was 324-405 months imprisonment, and sentenced Carter to 324 months. In 2012 and 2015, the court denied motions for sentence reductions based on retroactive sentencing guidelines changes that did not affect Carter's advisory guidelines range.

In 2019, Carter moved for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 404(b) provides that, if the statutory penalty for an offense was modified by section 2 or 3 of the Fair Sentencing Act of 2010, the district court may "impose a reduced sentence as if sections 2 and 3 . . . were in effect at the time the covered offense was committed." The Fair Sentencing Act increased from 50 to 280 grams the minimum quantity of cocaine base that calls for a sentence mandated by § 841(b)(1)(A). The district court -- the same judge who imposed the original sentence -- correctly concluded that Carter is eligible for First Step Act relief. See United States v. Banks, 960 F.3d 982, 984 (8th Cir. 2020). However, exercising its First Step Act discretion, the court declined to reduce Carter's 324-month sentence:

> as a part of his plea agreement, [Carter] admitted to responsibility for 16 times the amount of crack cocaine that is currently necessary to be punished pursuant to 21 U.S.C. § 841(b)(1)(A). In the Quad Cities . . . 71 kilograms translates into more than 350,000 dosage units. Accordingly, the defendant's drug quantity is still almost three times the amount necessary to get to the highest base offense level under the sentencing guidelines. The defendant contends that retroactive application of the Fair Sentencing Act would reduce his statutory range of punishment from twenty years to life incarceration to ten years to life incarceration. However, the mandatory minimum term of incarceration did not in any way drive the defendant's sentence. It was driven by the

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

-2-

court's analysis of the factors found in 18 U.S.C. § 3553(a). The purpose of this provision of the First Step Act is to remove disparity between persons sentenced before and after the Fair Sentencing Act. This has been done.

On appeal, Carter argues the district court committed procedural error and abused its discretion by misapprehending its authority under the First Step Act to "conduct a § 3553(a) analysis of the most up-to-date picture of Mr. Carter," including post-offense rehabilitation; denied Carter his right to a "complete review" of his motion; and failed to consider whether post-sentencing legal developments "should change its perception of what sentence . . . is sufficient, but not greater than necessary." He urges us to remand with instructions that the case be assigned to a different district judge.

We have rejected these contentions in numerous recent decisions and do so again. The district court expressly recognized its discretion to reduce Carter's sentence. It was not required to make an affirmative statement acknowledging its broad discretion under Section 404. See United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020); United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020). "The district court need not respond to every argument made by defendant or recite each section 3553 factor." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019). Indeed, the First Step Act "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020), quoting United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). We presume the court considered the arguments raised in Carter's motion filings. See Banks, 960 F.3d at 985.

We review the district court's First Step Act order for abuse of discretion, determining whether the sentencing judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for

-3-

exercising his own legal decisionmaking authority."  <u>Booker</u>, 974 F.3d at 871, quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007).  Here, the district court gave a reasoned basis for denying a reduced term of imprisonment that focused on the § 3553(a) factors and the purpose of the First Step Act. Though Carter argues that the court erred in not giving sufficient weight to other factors, the assertion that he was denied the "complete review" Section 404(c) requires is without merit.  <u>See</u> <u>Hoskins</u>, 973 F.3d at 921; <u>Moore</u>, 963 F.3d at 728.  Having provided a reasoned basis for its decision, the court did not abuse its substantial sentencing discretion.

The Order of the district court dated March 21, 2020, is affirmed.

_____