# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1697
_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Cosey, also known as Silo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: February 15, 2021
Filed: April 30, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.
_____

PER CURIAM.

Eddie Cosey appeals the district court's[1] denial of his motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). We affirm.

In April 2008, Cosey pleaded guilty pursuant to a written plea agreement to conspiracy to manufacture, distribute, and possess with intent to distribute at least 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Pursuant to the plea agreement, Cosey stipulated that he had been convicted of one prior felony drug offense, and the government agreed to withdraw the notice and information of Cosey's prior felony drug offenses. As a result, "only one enhancing felony [was] utilized thereby eliminating the mandatory life sentence in [Cosey's] case." Plea Agreement at 1, *United States v. Cosey*, No. 3:07-cr-00584-JAJ-TJS (S.D. Iowa 2008), ECF No. 136. The parties agreed that Cosey's statutory sentencing range was 20 years' imprisonment to life imprisonment. They also agreed that Cosey's advisory Guidelines range was 262 months' imprisonment to life imprisonment—a range to which the district court would be bound under Federal Rule of Criminal Procedure 11(c)(1)(C) if it accepted the plea agreement. At sentencing, the district court sentenced Cosey to 400 months' imprisonment.

In 2018, Congress enacted the First Step Act ("Act"). The Act "made retroactive the lower penalties for cocaine base offenses established by the Fair Sentencing Act [of 2010]." *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). Following the Act's passage, Cosey moved to reduce his sentence under Section 404 of the Act. The district court denied the motion, and Cosey appeals.

A district court must engage in a two-step process in determining whether to grant a motion for a reduced sentence under Section 404 of the Act. *Id.* at 772. "First,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

the [district] court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the [district] court must decide, in its discretion, whether to grant a reduction." *Id.* We review de novo a district court's determination of a defendant's eligibility under the Act; we review for an abuse of discretion a district court's decision whether to grant a reduction under the Act. *Id.* at 771.

As to eligibility, Cosey admits that "the district court correctly found [him] eligible for relief." Appellant's Br. at 13. Nonetheless, he argues that "the district court misunderstood the scope of its discretionary authority to grant a sentence reduction to an eligible defendant." *Id.* at 9. Specifically, he asserts that the district court "mistakenly believ[ed] that it either cannot, or should not, reduce [his] sentence, given that his reduced mandatory minimum sentence did not impact his guideline range, and because his guideline range remains unchanged from the time he was originally sentenced." *Id.* After determining that Cosey was eligible for a sentence reduction, the district court outlined its reasons for denying the reduction. In doing so, the court mentioned that Cosey's original Guidelines range had not changed and that it had twice rejected his motions under 18 U.S.C. § 3582(c)(2). "[B]ut the court never indicated that it lacked authority" to reduce Cosey's sentence based on these considerations. *See United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020). In fact, the court made clear it was denying Cosey's reduction motion "[f]or all the[] reasons" set forth in its order. Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) at 1, *United States v. Cosey*, No. 3:07-cr-00584-JAJ-TJS (S.D. Iowa 2020), ECF No. 309.

We therefore turn to the district court's discretionary decision to deny Cosey a sentence reduction. Cosey argues that the district court abused its discretion "by failing to consider all [the 18 U.S.C. § 3553(a)] factors that might weigh in favor of a sentence reduction, and by failing to adequately explain its decision." Appellant's Br. at 26 (emphasis omitted). "When reviewing a section 404 petition, a district court

may, but need not, consider the section 3553 factors." *United States v. Moore*, 963 F.3d 725, 728–29 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 1118 (2021). "This is particularly true when, like here, the sentencing court also reviews the § 404 motion, because the court is 'uniquely positioned to consider the many factors necessary in exercising its ultimate discretion.'" *United States v. Davis*, 832 F. App'x 458, 460 (8th Cir. 2020) (unpublished per curiam) (quoting *United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020)).

In determining whether a district court conducted a "complete review" under Section 404, we review the record to see if the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Booker*, 974 F.3d 869, 871 (8th Cir. 2020) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). But a district court need not respond to every argument that the defendant raises. *United States v. Sherman*, 960 F.3d 978, 982 (8th Cir. 2020). "We presume the district court considered [the defendant's] arguments before making its sentencing determination . . . ." *Davis*, 832 F. App'x at 460.

We are satisfied that the district court conducted a complete review of Cosey's Section 404 motion. In declining to grant Cosey relief, the district court emphasized that Cosey's original "sentence was driven by drug quantity, leadership, criminal history (career offender), violence and other 3553(a) factors." Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) at 1. "The district court was the original sentencing court and thus was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion. The court's plain statement regarding its decision not to exercise its discretion under the First Step Act in this case closes the matter." *Howard*, 962 F.3d at 1015.

Accordingly, we affirm the judgment of the district court.

_____