# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1604

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rayshon Gartley, also known as Easy, also known as Rayshawn Gartley

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

————————

Submitted: February 15, 2021
Filed: May 5, 2021
[Unpublished]

————————

Before SMITH, Chief Judge, ARNOLD and STRAS, Circuit Judges.

————————

PER CURIAM.

The district court[1] decided not to reduce Rayshon Gartley's 262-month prison sentence under the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018).

———————————————

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Even "if the defendant [was] eligible," the court stated, it "would decline in its discretion to grant" relief. We affirm.

The government does not dispute that Gartley was eligible for a sentence reduction. After all, he was convicted of conspiracy to distribute at least 50 grams of cocaine base and committed the offense before the effective date of the Fair Sentencing Act. *See* Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010); *United States v. Banks*, 960 F.3d 982, 984 (8th Cir. 2020) (involving the same offense). So, in the words of the First Step Act, he committed a "covered offense." § 404(a), 132 Stat. at 5222.

Even though Gartley was *eligible* for a sentence reduction, however, he was not *entitled* to one. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). For several reasons, including his extensive criminal history and the amount of drugs involved, the district court denied one in its discretion.[2] This exercise of discretion means that any initial error in finding Gartley ineligible was harmless. *See United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020) (describing a remand under these circumstances as "an exercise in futility").

Nor, contrary to Gartley's argument, was the district court required to say more. *See United States v. Moore*, 963 F.3d 725, 727–29 (8th Cir. 2020). In fact, we have already held that a "complete review" does not require consideration of the statutory sentencing factors. *Id.*; *see* 18 U.S.C. § 3553(a). So to the extent the court failed to address various legal changes and post-sentencing rehabilitation, there was no reversible error. *See United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019) (stating that a district court "need not adjust a sentence based on rehabilitation"); *see also Banks*, 960 F.3d at 985 (explaining that "not every reasonable argument

---

[2]In our view, when the district court cryptically remarked that the "plea agreement was negotiated with the same considerations that would be present if the defendant were indicted today," it was likely referring to these two factors.

advanced by a defendant requires a specific rejoinder by the judge" (quotation marks omitted)).

We accordingly affirm the judgment of the district court.

_____