# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1892

———————————————

United States of America

*Plaintiff - Appellee*

v.

Anthony Norris Smith

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Eastern

——————————

Submitted: April 12, 2021
Filed: May 24, 2021
[Unpublished]

——————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

Anthony Norris Smith was indicted in 2008 on one count of conspiring to manufacture, distribute, and possess with intent to distribute fifty grams and more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The government filed an information notifying Smith that he faced an increased term of punishment because of his prior felony drug convictions. See id. § 851(a)(1). After

a jury convicted Smith of the conspiracy count, the district court[1] imposed the statutory mandatory sentence of life imprisonment. See id. § 841(b)(1)(A) (2006). Because the district court was required to impose a life sentence, it did not rule on Smith's objection to the 3.5 kilograms of cocaine base attributed to him in the presentence report (PSR). We affirmed Smith's conviction and sentence. United States v. Smith, 632 F.3d 1043 (8th Cir. 2011).

In 2019, Smith moved to reduce his sentence under the First Step Act of 2018, which gives a district court discretion to reduce a sentence imposed for an offense whose penalties were reduced by the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. For Smith, the Fair Sentencing Act reduced his statutory penalty from life imprisonment to a range of ten years' to life imprisonment. See 21 U.S.C. § 841(b)(1)(B); Pub. L. No. 111-220, 124 Stat. 2372, 2372.

After determining that Smith was eligible for relief under the First Step Act, the district court considered his argument that his sentencing range under the U.S. Sentencing Guidelines should be based on the jury's drug-quantity finding of fifty grams and not on the 3.5 kilograms attributed to him in the PSR. The district court concluded that "the evidence at trial fully supported the presentence report's attribution of 3.5 kilograms of crack cocaine to the defendant." D. Ct. Order of Apr. 18, 2020, at 1. Smith's base offense level was thus 34. With a total offense level of 38 and a criminal history category of IV, Smith's Guidelines sentencing range was 324 to 405 months' imprisonment. The district court reduced Smith's sentence to 324 months' imprisonment.

Smith argues that the district court abused its discretion in reducing his sentence because it relied on a clearly erroneous drug-quantity finding to determine

---

[1]The Honorable John A. Jarvey, now Chief Judge, United States District Court for the Southern District of Iowa.

his base offense level.  See United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) ("We review for an abuse of discretion the district court's decision to grant or deny an authorized sentence reduction.").  We disagree.  A co-conspirator testified at trial that Smith traveled from Iowa to Chicago twice per month to purchase cocaine base and that Smith thereby obtained approximately fifteen ounces per month.  The government presented evidence that Smith and the co-conspirator distributed cocaine base from April 2007 to January 2008.  Because it had presided at trial, the district court was in a position to make findings about the credibility of witnesses.  We conclude that it did not clearly err in finding that the conspiracy involved 3.5 kilograms of cocaine base and did not abuse its discretion in reducing Smith's sentence as it did.[2]  See United States v. Sherman, 960 F.3d 978, 981 (8th Cir. 2020) (on appeal from the denial of a motion to reduce sentence, recounting evidence from 2004 trial and concluding that the drug-quantity evidence supported the district court's 2019 determination of defendant's base offense level).

The judgment is affirmed.  We deny Smith's *pro se* motion for leave to file a reply brief.

_____

---

[2]Fifteen ounces (425.25 grams) per month for nine months is more than 3.5 kilograms.  See U.S. Sentencing Guidelines § 2D1.1, cmt. n.8 (one ounce equals 28.35 grams).