# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1916

———————————————

United States of America

*Plaintiff - Appellee*

v.

Leon Delmar Milton

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: April 12, 2021
Filed: August 23, 2021

——————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In September 1997, Leon Milton pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine or 50 grams or more of cocaine base (crack cocaine). The Presentence Investigation Report (PSR) attributed 5.268 kilograms of crack cocaine to Milton. Milton was deemed a career offender based on two prior narcotics convictions in California.

After a three-day hearing, the district court determined that the substance was crack cocaine and that at least 90 ounces of crack cocaine were attributable to Milton, not including 2½ kilograms stored at his request and drug transactions in early 1996. The court determined his base offense level was 38, adopted the revised PSR that included a career offender determination, found that his guidelines sentencing range was 360 months to life, and sentenced him to 360 months imprisonment.

On direct appeal, Milton contested the court's finding of drug quantity and the career offender determination. We affirmed. United States v. Milton, 153 F.3d 891, 897 (8th Cir. 1998). Milton subsequently moved for sentence reductions under Guideline Amendments 706 and 782. The district court denied relief, addressing drug quantity issues. We affirmed both denials.

On January 4, 2020, Milton moved for a sentence reduction under Section 404 of the First Step Act. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018); see 21 U.S.C. § 841, Stat. Notes. He argued a reduction was warranted based on his maturity, rehabilitation, and health risks from the COVID-19 pandemic, and because his guidelines range changed, using 2.551 kilograms of crack the court cited at the sentencing hearing. The government conceded Milton was eligible for First Step Act relief but opposed a reduction, arguing the guidelines remained the same for someone held responsible for 5.268 kilograms of crack cocaine. The district court[1] denied a reduction. Milton appeals. Reviewing the denial of a First Step Act reduction for abuse of discretion, we affirm. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (standard of review).

When a defendant is eligible for relief under § 404, as in this case, the court must decide whether to grant or deny a reduction. Id. at 772. On appeal, Milton first

---

[1] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

argues that, in exercising this discretion, the First Step Act "demands" that the district court consider the § 3553(a) factors, as the district court did in <u>United States v. Williams</u>, 943 F.3d 841 (8th Cir. 2019). We did not address this contention in <u>Williams</u>, but we have since clarified that, while the district court may consider the § 3553(a) factors in exercising its First Step Act discretion, the Act does not require it to do so. <u>See</u> <u>United States v. Booker</u>, 974 F.3d 869, 871 (8th Cir. 2020); <u>United States v. Hoskins</u>, 973 F.3d 918, 921 (8th Cir. 2020); <u>United States v. Moore</u>, 963 F.3d 725, 727 (8th Cir. 2020), <u>cert. denied</u>, 141 S. Ct. 1118 (2021).

Milton next argues the district court procedurally erred when it "anchored its resentencing decision on an incorrect sentencing guideline range" by ignoring the drug quantity finding at his initial sentencing. We recently addressed the governing rule in <u>United States v. Holder</u>, 981 F.3d 647, 651 (8th Cir. 2020):

> The First Step Act directs the court to consider a Section 404 motion "as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." . . . When a defendant . . . is eligible for Section 404 relief, the First Step Act requires the court to determine the amended guidelines range *before* exercising its discretion whether to grant relief. A mistake in that determination, like any other guidelines mistake, is procedural error.

Here, the district court noted that the PSR initially attributed 5.268 kilograms of crack cocaine to Milton even though he was charged with and pleaded guilty to only 50 grams or more. The court determined that a similarly situated defendant charged under the Fair Sentencing Act "would be charged with conspiracy to distribute . . . 280 grams or more of cocaine base. If so charged, and applying the same enhancements applied by the sentencing judge here, the lowest end of the sentencing range . . . would be 360 months."

-3-

The district court did not err in considering the impact of the Fair Sentencing Act on Milton's guidelines range. The entire sentencing record, including the prior motions for sentence reduction under guidelines amendments, supports the finding that Milton was responsible for 5.268 kilograms of crack cocaine and therefore the bottom of the amended range under the Fair Sentencing Act would remain 360 months. Of course, as the district court recognized, Milton was eligible for a First Step Act reduction below the bottom of the amended range because the Fair Sentencing Act reduced the statutory sentencing range for his offense from 10 years to life to five to 40 years. There was no procedural error.

Milton further argues the district court abused its discretion by failing to consider "sentencing factors that should have weighed heavily" in the decision -- his post-sentencing rehabilitation and the health risk he faced in prison because of the COVID-19 pandemic. A district court may reduce a sentence based on post-sentence rehabilitation but need not explicitly respond to a defendant's rehabilitation argument. See United States v. Sherman, 960 F.3d 978, 982 (8th Cir. 2020); United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020).

The district court did not fail to consider Milton's claim of post-sentencing rehabilitation. It expressly noted that rehabilitation "may be a good basis for exercise of the power of commutation by the President, but that alone does not warrant relief under § 404 of the First Step Act." The court acknowledged Milton's rehabilitation efforts but found "the need to avoid unwarranted sentencing disparities and the equitable treatment of similarly situated defendants" to be a compelling reason to deny a sentence reduction. We conclude the record on appeal "set[s] forth enough to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority.'" Booker, 974 F.3d at 871, quoting Rita v. United States, 551 U.S. 338, 356 (2007). The court "did not abuse its discretion by considering the rehabilitation, but not adjusting the sentence." Williams, 943 F.3d at 844.

-4-

Milton further argues the district court erred in ruling that it lacked "jurisdiction" to consider his COVID-19 argument in exercising its First Step Act discretion. We disagree. At the end of its Order, the court stated that Milton's motion included a "request for compassionate release." However, the court noted, it "has no jurisdiction to entertain such a request" because Milton has not exhausted his administrative remedies with the Bureau of Prisons, as required by 18 U.S.C. § 3582(c)(1)(A). There was no error in that ruling. See First Step Act § 603(b), 132 Stat. at 5239. Nor does addressing the exhaustion issue establish that the court refused to consider whether a COVID-19 health risk could ever be a relevant factor in exercising First Step Act § 404 discretion. The court made clear that it considered post-sentencing factors. It had no obligation to say more. As noted, the First Step Act does not require a court to address every § 3553(a) sentencing factor.

The order of the district court dated April 16, 2020 is affirmed.

_____