# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1643

_____

United States of America

*Plaintiff - Appellee*

v.

Tracy Vaughn

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 12, 2021
Filed: September 1, 2021
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2004, Tracy Vaughn was convicted after a bench trial of conspiracy to distribute and possess with the intent to distribute at least 50 grams of cocaine base (crack cocaine). At sentencing, the district court determined that Vaughn's guidelines sentencing range was 360 months to life imprisonment, based on its drug quantity finding and his Criminal History Category of VI. The court imposed a sentence of

360 months imprisonment. Vaughn appealed; we affirmed. United States v. Vaughn, 410 F.3d 1002 (8th Cir. 2005), cert. denied, 546 U.S. 1124 (2006). In December 2019, Vaughn moved for a sentence reduction under Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. The government agreed Vaughn was eligible for First Step Act relief but opposed the motion. The district court[1] -- the same judge who presided over Vaughn's bench trial, initial sentencing, and two subsequent motions for sentence reductions under the now-advisory guidelines -- denied discretionary First Step Act relief in a six-page Memorandum and Order. The court recognized (i) the congressional intent to reduce sentencing disparities between crack and powder cocaine offenses, (ii) "the substantial quantity of drugs found attributable to the Defendant at sentencing, *i.e.*, 2.17 kilograms of crack cocaine," and (iii) "the Defendant's criminal history, which is extensive and violent." Vaughn appeals, raising arguments we have addressed in First Step Act decisions issued after Vaughn filed his Brief on appeal. Reviewing for abuse of discretion the district court's decision to grant or deny a First Step Act reduction, we affirm. United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019) (standard of review).

When the defendant is eligible for relief under § 404, as in this case, the court must decide, in its discretion, whether to grant or deny a reduction. Id. at 772. On appeal, Vaughn argues the district court abused its discretion by failing to consider the "full panoply" of sentencing factors in 18 U.S.C. § 3553(a), including "evidence of post-sentence rehabilitation." We again reject these arguments.

Vaughn argues the First Step Act "demands" that a district court consider the § 3553(a) factors, as the district court did in United States v. Williams, 943 F.3d 841 (8th Cir. 2019). We did not address this contention in Williams, but we have since

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

clarified that, while the district court may consider the § 3553(a) factors in exercising its First Step Act discretion, the Act does not require it to do so.  See United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020); United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020); United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020), cert. denied, 141 S. Ct. 1118 (2021).

Vaughn further argues the district court abused its discretion by focusing only on his drug quantity and criminal history and failing to consider relevant mitigating factors under § 3553(a) -- the fact that the Fair Sentencing Act reduced his advisory guideline range below his 360-month sentence, and evidence of his post-sentence rehabilitation.  We have consistently rejected the argument that "the court did not expressly discuss my contention so it was not properly considered."  Booker, 974 F.3d at 871.  The district court need not respond to every argument made by defendant or recite each section 3553 factor.  Here, given the district court's lengthy familiarity with Vaughn's offense conduct, criminal history, and relevant changes in sentencing under the Fair Sentencing Act and the First Step Act, we conclude that the record on appeal "set[s] forth enough to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority.'"  Booker, 974 F.3d at 871, quoting Rita v. United States, 551 U.S. 338, 356 (2007).  A district court may reduce a sentence based on post-sentence rehabilitation but need not explicitly respond to a defendant's rehabilitation argument.  See United States v. Sherman, 960 F.3d 978, 982 (8th Cir. 2020); United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020).

The Order of the district court dated March 4, 2020 is affirmed.

_____