# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1073
_____

United States of America

*Plaintiff - Appellee*

v.

Allen Avery Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: December 13, 2021
Filed: January 18, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Allen Avery Jones pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). After calculating an advisory sentencing guidelines range of 46 to 57 months' imprisonment and 1 to 3 years' supervised

release, the district court[1] varied upward and sentenced Jones to 90 months' imprisonment followed by 3 years' supervised release. Jones appeals, arguing that the district court procedurally erred by failing adequately to explain the sentence and that the sentence is substantively unreasonable.

We review a sentence, "whether inside or outside the Guidelines range," under "a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We review first for "significant procedural error." *Id.* If there is none, then we proceed to consider the substantive reasonableness of the sentence. *Id.*

As relevant here, "[p]rocedural error includes . . . failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* (internal quotation marks omitted). "All that is required for an adequate explanation is for the sentencing judge to set forth enough to satisfy us that he has considered the parties' arguments and has a reasoned basis for the sentence imposed." *United States v. Mays*, 993 F.3d 607, 619 (8th Cir. 2021) (internal quotation marks and brackets omitted). "[N]ot every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *United States v. Banks*, 960 F.3d 982, 985 (8th Cir. 2020).

Here, the district court began by noting that it had considered the presentence investigation report, the arguments of the parties, and the 18 U.S.C. § 3553(a) factors. It then explained that it was varying upward "based on the offense conduct set forth in" the presentence investigation report as well as Jones's "violent history." Specifically, the district court referred to the unobjected-to findings in the presentence investigation report that Jones had "discharged the firearm multiple times while high," striking a car driven by "an innocent bystander who had an 11-year-old daughter in the car with him," and that Jones's criminal history "include[d]

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

beating up [his] mother twice and threatening to kill her." The district court also explained that, in its view, Jones's "criminal history score [wa]s underrepresented because of the several zero point offenses that [he] ha[d]." This is more than enough to satisfy us that the district court "considered the parties' arguments and ha[d] a reasoned basis" for the sentence. *See United States v. Godfrey*, 863 F.3d 1088, 1094, 1098 (8th Cir. 2017) (concluding that the district court had a reasoned basis for its upward variance on the defendant's § 922(g)(1) conviction where the district court discussed the defendant's prior conviction and pointed out that the defendant had "fired his gun in very close proximity to . . . innocent visitors to the park," including children (internal quotation marks omitted)).

Jones protests that the district court did not specifically address his argument that the district court should treat his "mental health issues and drug addictions" as mitigating factors. But the district court "implicitly rejected" this argument, *see Mays*, 993 F.3d at 619, when it noted that public safety required incapacitating Jones given that what he did "while high" was to "discharge[ a] firearm multiple times . . . in a neighborhood." And in any event, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." *Banks*, 960 F.3d at 985.

Jones also faults the district court for failing to specify which criminal-history category it deemed appropriate after concluding that Jones's "criminal history score [wa]s underrepresented" and that his offense conduct "puts this in a whole different category." Because the district court was varying upward rather than departing upward, however, it was not obligated to assign a new criminal-history category and recalculate the guidelines range. *See United States v. Boyd*, 956 F.3d 988, 991 (8th Cir. 2020) (indicating that upward variances are not subject to the requirements of U.S.S.G. § 4A1.3(a), which governs upward departures); *United States v. Solis-Bermudez*, 501 F.3d 882, 886-87 (8th Cir. 2007) (same).

Finding no procedural error, we turn to substantive reasonableness. *See Feemster*, 572 F.3d at 461. When reviewing for substantive reasonableness, we may not apply a presumption of unreasonableness simply because the sentence is outside

the guidelines range. *Id.* And though we "may consider the extent of the deviation," we may not reverse simply because we "might reasonably have concluded that a different sentence was appropriate." *Id.* at 461-62. Because "substantive appellate review in sentencing cases is narrow and deferential[,] . . . it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464.

Applying these principles here, we conclude that Jones's sentence is not substantively unreasonable. Congress has directed courts to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence, 18 U.S.C. § 3553(a)(2)(C), and here both the instant offense conduct and Jones's criminal history indicate that he is a risk to the public. The district court did not abuse its discretion by sentencing Jones to 90 months' imprisonment followed by 3 years' supervised release. *See, e.g.*, *United States v. Drew*, 9 F.4th 718, 721, 725-26 (8th Cir. 2021) (concluding that a sentence of 360 months' imprisonment on a § 922(g)(1) conviction, an upward variance from the guidelines, was substantively reasonable in part because of "public safety" concerns); *United States v. Bacon*, 848 F.3d 1150, 1151-53 (8th Cir. 2017) (per curiam) (concluding that a sentence "twice the upper limit of" the guidelines range on a § 922(g)(1) conviction was substantively reasonable in light of the defendant's criminal history and the need to "protect the public"); *United States v. David*, 682 F.3d 1074, 1075-77 (8th Cir. 2012) (concluding that a "substantial" upward variance on a § 922(g)(1) conviction was substantively reasonable in part because of the defendant's criminal history).

We therefore affirm Jones's sentence.

_____